## UNITED STATES DISTRICT COURT

CRIMINAL NO. 04-10227-RWZ

UNITED STATES OF AMERICA

vs.

STEPHEN BRUM

## MOTION TO SUPPRESS STATEMENTS

The defendant, Stephen Brum, by counsel, respectfully moves the Court for an Order of Suppression of all statements made following his arrest. Those statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966) and otherwise were not the product of a knowing, intelligent and voluntary waiver of the rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution.

## Statement of Facts

The defendant, Stephen Brum, was arrested on February 8, 2004 in connection with an investigation at 11 Nye Street, New Bedford, MA. After being taken into custody police reports indicate he was advised of Miranda rights by a state officer and refused to waive his rights. He was turned over to federal authorities on June 28, 2004 but not further advised of his rights. In their custody and en-route to the U.S District Court, Brum was questioned by ATF S/A O"Hara and allegedly made the incriminating statements.

At that time Brum started to discuss his possession of the firearm. S/A O'Hara told him that she had not read him his Miranda rights and that he did not have to say anything. Brum asked S/A O'Hara how much time he would be facing. S/A O'Hara advised he could be facing a mandatory 15 years. Brum questioned how he could do fifteen years for a gun he'd only had for three days.

Brum has an extensive history of psychological disorders, including ADHD, impulse control, anxiety, depression and bi-polar behavior, for which he requires prescribed, psychotropic medications. While in custody for four and a half months he did not receive the necessary medicines in spite of numerous requests to jail authorities. Any statements he made were influenced by his changed psychological condition and the coercive state action in withholding medication during his incarceration. As such, the statements he made in federal custody were not the product of a knowing, intelligent and voluntary waiver of his Miranda rights.

## Argument

The right to remain silent in police custody and the right to counsel during police interrogation are well established. Miranda v. Arizona, 384 U.S. 436 (1966). Statements obtained in violation of those rights and in the absence of a waiver are involuntary and must be suppressed. Townsend v. Sam, 372 U.S. 293 (1963). This has been clarified in later opinions: "The sole concern of the 5th Amendment on which Miranda was based is governmental coercion. See United States v. Washington, 431 U.S. 187". Colorado v. Connelly, 479 U.S. 157 (1986).

In the instant case Brum made no statements when advised of Miranda by state authorities. By withholding medications he requires in order to control, within normal ranges, both his thinking and his impulsive behaviors, the state applied a coercive mechanism. This was in addition to the coercion resulting from over four and a half months of his incarceration. S/A O'Hara's limited reference to Miranda did not constitute a contemporaneous advice of rights. Further, her statements that she did not know if he would be provided counsel were misleading. The purpose of Brum's first appearance

before the United States Magistrate was precisely to address such issues, as any experienced federal agent would certainly know. Engaging Brum in conversation about his case on the way to the courtroom was merely another form of interrogation and coercion in light of all the circumstances. By the presence of this governmental action this case is distinguishable from Colorado v. Connelly, supra.

The First Circuit following the Supreme Court's lead, applied "a-totality-of-the circumstances approach to determining whether the police honored a suspect's right to cut off questioning." United States v. Reid, 211 F.Supp.2d 366 (2002), citing United States v. Barone, 968 F.2d 1378 (1st Cir. 1992). The "[C]ourts must consider, inter alia, the time that elapsed between interrogations, whether fresh warnings were provided…if the police detain a suspect for too long prior to questioning, a court may conclude that the police utilized the coercive effect of incarceration to convince the suspect to speak." See, e.g., Barone, 968 F.2d at 1385-86. United States v. Reid, supra, 211 F.Supp.2d at 375-376.

Chief Judge Young further stated: "This Court does not attempt to fashion a bright-line rule for when a statement made by a suspect becomes too temporally remote from the alleged invocation of the right to silence to allow its consideration as part of the relevant "context" in determining the meaning of the alleged invocation." 211 F.Supp.2d at 373. The intervening incarceration was so extensive in this case that the original Miranda warning may not even have been recalled. S/A O'Hara's brief reference to them hardly represents an advice of rights. It is apparent that Brum was seeking counsel; a further assertion of his rights. The agent's response while, perhaps, technically accurate was in context, clearly misleading.

"As the Supreme Court noted in Davis with respect to the right to counsel, "a suspect need not speak with the discrimination of an Oxford don" in order to invoke the right. 512 U.S. at 459" United States v. Reid, supra, 211 F.Supp.2d at 374.

## Conclusion

For the afore-mentioned reasons, defendant moves for an Order of suppression of statements obtained in interrogation following arrest and in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

Respectfully submitted,

Date: February 24, 2005

/s/ Benjamin D. Entine, Esq.
77 Franklin Street
Third Floor
Boston, MA 02110
Tel: 617-357-0770
BBO# 558553