```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
        v.                       )    CRIMINAL NO. 04-10227-RWZ
                                 )
STEPHEN BRUM                     )
```

### GOVERNMENT'S PARTIAL OPPOSITION TO MOTION FOR COURT ORDERED EXAMINATION

The government hereby respectfully opposes, in part, defendant's Motion for Court Ordered Examination. By this motion, the defendant seeks to have this Court order the U.S. Marshal permit a psychiatrist to examine the defendant at 12:00 noon in anticipation of the psychiatrist's testimony at a hearing before the Court at 2:00 p.m.

The government opposes this motion. The defendant filed his motion to suppress statements on February 24, 2005. He filed no affidavit in support of his motion to suppress, and the government, in its opposition filed on March 17, 2005, argued, in part, that the defendant's motion should be denied without a hearing because it was unsupported by sworn affidavits. This Court held a non-evidentiary hearing on April 20, 2005, at which the defendant, through counsel, expressed his intention to retain an expert to examine the defendant for purposes of the motion to suppress. The Court then scheduled an evidentiary hearing for May 26, 2005, thereafter changing the date to May 24, 2005. It apparently was not until the government filed its Notice of Conflict of Appearances on May 20, 2005 that the defendant sought

funds for this examination, which he now proposes take place on the very day of the hearing.

The government has rights, too. Part of the reason that defendants are required to support their motions with specific, non-conjectural affidavits is so the government is on notice as to what the issues are. The defendant's proposal that he be permitted to put on at 2:00 evidence based on an examination that did not even commence until noon would completely deprive the government of any meaningful opportunity to cross-examine the defendant's expert, much less to present evidence in rebuttal if appropriate.

Accordingly, the government opposes so much of the defendant's motion as seeks to have the defendant examined today in anticipation of testimony to be presented today. The government does not oppose so much of the defendant's motion as seeks a continuance for purposes of conducting an examination, assuming that the defendant will thereafter supplement his motion to suppress with an affidavit in advance

of the evidentiary hearing.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                  United States Attorney


                    By:  /s/Robert E. Richardson
                         ROBERT E. RICHARDSON
                         Assistant U.S. Attorney

                    <u>CERTIFICATE OF SERVICE</u>

Suffolk, ss.                          Boston, Massachusetts
                                        May 24, 2005

    I hereby certify that a true copy of the foregoing was served by electronic filing upon counsel for the defendant, Benjamin D. Entine, Esq., 77 Franklin Street, Third Floor, Boston, MA 02110.

                                  /s/Robert E. Richardson
                                  Robert E. Richardson
                                  Assistant U.S. Attorney