UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10227-RWZ

UNITED STATES OF AMERICA

v.

STEPHEN BRUM

MEMORANDUM OF DECISION

September 7, 2005

ZOBEL, D.J.

      Massachusetts law enforcement officers arrested defendant Stephen Brum on firearm-related charges in early February of 2004, and advised him of his Miranda rights. During defendant's incarceration, the Massachusetts Department of Correction ("MDOC") declined to provide him with his prescribed medication for Attention Deficit Hyperactivity Disorder ("ADHD"). He remained without medication in state custody for several months until federal authorities assumed custody on June 28, 2004. A special agent from the Bureau of Alcohol, Tobacco and Firearms subsequently escorted defendant to his first federal court appearance since arrest. On the way to the courtroom, defendant inquired about the presence of an attorney and the potential sentence he might face. The agent answered his questions and noted her interest in any information about the source of the firearm. She twice advised defendant that she had not provided any Miranda warnings and recommended that he speak first with his attorney. Defendant confirmed his awareness of his Miranda rights and made further

statements about his possession of the firearm. He now moves to suppress all of these statements on grounds that the agent failed to deliver a Miranda warning and that the statements were involuntary and coerced as a result of defendant's compromised mental state.

To challenge the absence of a Miranda warning, defendant must show that the special agent engaged in custodial interrogation and thus needed to provide prefatory Miranda warnings. U.S. v. Lopez, 380 F.3d 538, 545 (1st Cir. 2004). Interrogation includes not only "actual questioning by the police" but also

> the 'functional equivalent' of interrogation, meaning 'any words or actions on the part of the police (other than those normally in attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

Id., quoting Rhode Island v. Innis, 446 U.S. 291, 301 (1980). Whether police words or actions constituted interrogation is evaluated from defendant's perspective. Id. at 546. In the instant case, the special agent never questioned defendant at all. Although he characterized the agent's conversation as soft interrogation designed to elicit his incriminating statements, defendant failed to reconcile this assertion with the fact that the agent twice reminded him that she had not provided any Miranda warnings and that he was under no obligation to speak. Moreover, the agent couched her expression of interest in the source of defendant's firearm in the specific recommendation that defendant obtain advice of counsel before discussing anything with her. In the context of such repeated warnings, defendant has not shown, from his point of view, that the agent's remarks and actions constituted interrogation. Consequently, defendant's

motion to suppress for lack of adequate Miranda warnings is denied.

His motion to suppress on the basis that his statements were involuntary and the agent improperly coerced them is also denied. "Coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986). The determination of voluntariness depends on "the absence of police overreaching, not on 'free choice' in any broader sense of the word." Id. at 170. For example, a voluntary confession may be admitted "even if the product of a psychosis that undermined the suspect's ability to make a free and rational choice." U.S. v. Byram, 145 F.3d 405, 408 (1st Cir. 1998).

Defendant argued that MDOC's refusal to provide his prescription medicine left him in a vulnerable and uncontrollably talkative mental state and, therefore, constituted coercive police activity. This argument fails for several reasons. First, defendant has not persuaded the Court that denial of his ADHD medicine rendered him so mentally vulnerable as to have constituted coercion, even when coupled with the agent's subsequent conversation. While defendant's expert witness, a forensic psychiatrist, testified that withdrawal of prescription medicine may lead to exacerbated anxiety and impulse control problems, he did not opine on the degree or impact of specific withdrawal symptoms allegedly suffered by defendant. The psychiatrist said that defendant may possibly have been more symptomatic on the day he spoke with the special agent. He did not, however, foreclose the possibility that defendant suffered no or fewer symptoms on that day. Second, the alleged coercive activity of denying

medical care was performed by state law enforcement and not by the special agent. No evidence suggested that the agent knew of this denial, much less participated in its execution. Moreover, defendant has identified no legal basis for holding the special agent responsible for actions or omissions of state law enforcement in such circumstances. Third, defendant offered no proof that the special agent knew that defendant may have been in a compromised mental state. Defendant never informed her that he suffered ADHD and needed medicine, and she testified credibly that she did not find him to be unusually talkative relative to other suspects she had escorted. The agent's undisputed efforts to halt defendant's conversation further undermine his claim that she intentionally exploited his ADHD to coerce incriminating statements.

Accordingly, defendant's motion to suppress (# 22 on the docket) is denied.

|  |  |
|---|---|
| DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |